J. W. STAHR *et al.,* Appellants, v. S. P. CARTER *et al.,* Appellees.

**Changing Highway to Avoid Bridging:** *Statute Construed.* Code 1897, section 427, enacts that the board of supervisors of any county shall have power, on its own motion, to change and establish a highway along a stream, when it can avoid bridging such stream. *Held,* that the statute does not require the road to be constructed on the immediate bank of the stream, but it may be within reasonable distance.

SAME: *Abandonment.* The statute contemplates the abandonment of the highway in place of which the new one is established.

*Appeal from Delaware District Court.*—HON. FRANKLIN C.

PLATT, Judge.

SATURDAY, APRIL 12, 1902.

CERTIORARI proceedings to determine the legality of the action of the board of supervisors in vacating an existing

highway and establishing another on its own motion.   Judgment for the defendants, from which the plaintiffs appeal.—
*Affirmed.*

*J. M. Brayton* and *Arthur A. House* for appellants.

*Fred B. Blair* and *Dunham, Norris & Stiles* for appellees.

SHERWIN, J.—The defendants are members of the board of supervisors of Delaware county, and such board on its own motion vacated a regularly laid out, but unused, highway, described as running from a point on the east line of section 2, Union township, Delaware county, Iowa, where the Delhi, Hopkinton and county line road leaves said section line; thence northwesterly across the northeast ¼ of section 2, in Union township aforesaid, to the south line of section 35, in Delhi township; thence continuing northwesterly across the south ½ of the southeast ¼ of section 35, Delhi township, to a point where the said highway intersects the quarter-section line between the northeast ¼ of the southwest ¼ and the northwest ¼ of the southeast ¼ of section 35, Delhi township; and another road, which, though not regularly established, had been used for a great many years, described as follows: Commencing at a point on the Delhi, Hopkinton, and county line road where said highway intersects the south section line of section 35, Delhi township, and running thence west along said section line to the southwest corner of the southeast ¼ of said section 35, Delhi township; thence north along the quarter-section line to the northwest corner of the southwest ¼ of the southeast ¼ of said section 35, in Delhi township, Delaware county, Iowa,—and on its own motion established a highway running east and west through the center of the southeast ¼ of section 35.   Both of the vacated highways cross a deep ravine, which is at times a water course.   This ravine has been bridged at the point where the traveled road crosses it, and is there some twenty-five feet deep, and, on account of the sandy soil of both banks, required a bridge

about eighty feet in length. The testimony also shows that the shifting soil required an occasional lengthening of the bridge, and constant attention to keep it in a safe condition for public travel. The ravine or water course runs in a southeasterly direction from this old bridge. The west end of the newly-established road is some fifty rods north of the bridge, and at the east section line it is a still greater distance therefrom.

The board was acting under the authority, as it supposed, of section 427 of the Code of 1897; and the only question before us is whether it has established a highway along a stream, within the contemplation of said section. If it has, its action is legal; and, if it has not, the reverse is true. The word "along" has a somewhat elastic meaning, even when used in its most technical sense. 1 Century Dictionary. As used in this statute, it is evidently not to be construed as meaning on the immediate bank of a stream; for such a narrow view of the intent of the legislature would in the majority of cases deprive the statute of all validity, and make it a dead and useless part of the law. It should be liberally construed, to carry out its clearly expressed purpose of avoiding expensive bridging; and it is evident that if a highway cannot be established close to the stream, and avoid this difficulty, it may be established within reasonable distance thereof, if in the vicinity of the stream, and still be within the spirit and intent of the statute. *Railroad Co. v. Mead,* 90 Pa. 454; *Pratt v. Railroad Co.,* 42 Me. 585; 2 Am. & Eng. Enc. Law (2d Ed.) 175. The language as well as the intent of section 427 clearly contemplates the abondonment of the highway in place of which the new one is established, because it expressly provides for a change, and there can be no change as contemplated unless there is an abandonment of the old highway.

We think the judgment of the district court right, and it is AFFIRMED.